## LOOMIS, CONGER & CO. v. SIMPSON.

1. INSTRUCTIONS. When any part of the charge given by the Court to a jury is correct, a general exception to the whole charge presents no question for examination in the Supreme Court.

2. AGENCY: SUB-AGENT. When the employment of a sub-agent is necessary to the transaction of the business of the principal, if the agent makes a fit and suitable selection he is not responsible to the principal for his acts.

3. DELEGATION OF AUTHORITY. While the authority of a factor or an agent cannot be delegated, a principal may confer the power of delegation or substitution, either expressly or impliedly; or may after delegation by the agent, ratify or confirm the same in such manner as to make the sub-agent responsible directly to the principal; but the fact that the principal knows that a sub-agent or factor will be employed does not relieve the liability of the agent to the principal.

*Appeal from the Dubuque City Court.*

FRIDAY, OCTOBER 10.

THIS action was brought to recover of defendant a sum of money which plaintiffs allege to be due for goods delivered to be sold on commission, for which he has failed to account. Defendant insists that he was instructed to sell a portion of the goods in Dubuque — to ship the other east and south — that he has accounted for all those sold either in Dubuque or elsewhere, for which he (defendant) has received payment. Trial, and judgment for plaintiffs.

*John L. Harvey* for the appellant cited, Story Ag., § 201; 1 Pars. Cont., 72; *Foster* v. *Preston*, 8 Cow., 198; *Moon* v. *The Guardians of the Poor*, 3 Bing., 812; *Warren Bank* v. *Suffolk Bank*, 10 Cush., 582; *Dorchester and Milton Bank* v. *New England Bank*, 1 Id., 177; *Bank of Washington* v. *Triplett*, 1 Pet., 25; *Fabius* v. *The Mercantile Bank*, 23 Pick., 330; *Bellenire* v. *The Bank of the United States*, 4 Whart., 105; *The Mechanics' Bank* v. *Earp*, 4 Rawle, 384; *Jackson* v. *The Union Bank*, 6 Har. & John., 146; *Smedes* v. *The*

*Utica Bank,* 20 John., 372; *Hyde et al.* v. *The Planters' Bank of Mississippi,* 17 La., 560; *Tieman et al.* v. *The Commercial Bank of Natchez,* 7 How., 648; *East Haddam Bank* v. *Scoville,* 12 Conn., 303; Smith's Mercantile Law, 140.

*Cooley, Blatchley & Adams* for the appellee.

WRIGHT, J.—The points made arise upon certain instructions, given and refused. The instructions given we need not notice, as "the charge" was excepted to as a whole, and it is not now pretended it is all erroneous. The action was commenced in May, 1861, and upon the authority of *The Davenport Gas Light and Coke Company* v. *The City of Davenport,* and *Wilhelmi* v. *Leonard et al., ante,* this method of excepting presents no question for our examination.

Two instructions were asked and refused, as follows:

1. If the jury believe that Simpson asked plaintiffs whether he should send the goods to Memphis for sale, and they replied that he should do with them as he would with his own, and he thereupon sent them to a factor of good credit, defendant is not liable for the default of such factor.

2. If the employment of a sub-agent was necessary, and that fact was known to plaintiffs, and if defendant selected an agent of capacity and credit, he is not liable for the default of such sub-agent.

If the testimony showed that Morris (the merchant at Memphis) was *substituted* as the agent or factor of plaintiffs with their consent, express or implied, these instructions were correct, and should have been given. As a rule it is true that where the employment of a sub-agent is necessary, the agent, if he makes a fit and proper selection, is not responsible. And it is equally true as a rule that in the case of a factor or broker, the authority cannot be delegated. (*Cochran* v. *Islam,* 2 M. & S., 301; *Solly* v. *Rathbone,* Id.,

298 ; *Catlin* v. *Bell*, 4 Camp., 183 ; 1 Pars. Cont., 71, 84.) But we suppose that the principal may confer the power of delegation or substitution, and that this may be done in writing, as by the letters conferring the power upon the agent, by words, or by acts, which acts or words may by implication give the authority or ratify the substitution after it is made. It must be remembered, however, that there is a wide difference between the employment of a servant or sub-agent by the factor, and the delegation of authority or a substitution. The factor may act through or by the hand of another, and yet there be no pretense that there has been a substitution in such a sense as to bind the principal. And until the fact of substitution, with the consent and approbation of the principal, is once established, (or his subsequent ratification or confirmation) there can of course be no ground for claiming that his remedy is against the substitute, instead of the original agent.

In this case the instructions refused were predicated upon two facts. These were, that if plaintiffs told defendant " that he should do with the goods as he would with his own," or if " the employment of a sub-agent was necessary, and that fact was known to plaintiffs," then, in either event, defendant had a right to send the goods to a factor of good credit, to whom, and not defendant, plaintiffs should look for their proper disposition. We do not think, however, that if the jury had found both of these facts in favor of defendant, it necessarily followed that he would not be liable for the default of the person so selected. The inquiry still remained was this person selected as the servant of the agent or factor, or did he become the agent of the principal ? It by no means follows, where produce, for instance, is intrusted to a commission merchant in Dubuque, and sent forward by him to his correspondent or agent at Chicago or St. Louis, that a privity of contract exists between such correspondent and principal, to the extent that the original factor is released

and the sub-agent only is liable. Nor does it make any difference that the principal or consignor knows that it must and will be sent forward to find a market. He has a right to, and is presumed to repose confidence in, the financial ability and business capacity of the person so employed, and if such factor employs other persons, he does so upon his own responsibility; and having greater facilities for informing himself and extending his business relations, upon him, and not upon the principal, should fall the loss of any negligence or default. If, however, another person has been substituted who, with the knowledge and approbation of the principal, takes the place of the original factor, or if such substitution is necessary from the very nature of the business, and this fact is known to the principal, the liability of the substitute may be direct to the principal, depending upon questions of good faith and the like, on the part of the factor in selecting the substitute.

Under the circumstances, we think the instructions were properly refused, and the judgment is, therefore,

Affirmed.