FIRST NATIONAL BANK OF OMAHA V. FIRST NATIONAL
BANK OF MOLINE.

FILED JUNE 9, 1898.    No. 8162.

Banks and Banking: NOTE: COLLECTION: INSOLVENCY. A bank at
    Moline forwarded to a bank in Omaha, Nebraska, for collection,
    and so indorsed, a note payable at the Holt County Bank, O'Neill,
    Nebraska. It was sent to the latter by the intermediary bank
    indorsed for collection, but inclosed with a letter, by which the
    bank of collection was instructed to credit the amount of the
    note, when paid, to the Omaha bank, between which and the
    bank of collection there had been continuous dealings and ac-
    counts during four or five years prior to and inclusive of the
    time of this transaction. The collection was paid and a credit
    given for the amount to the intermediary bank, and on the same
    day the bank of collection failed. Its account with the Omaha
    bank was at the time overdrawn. *Held,* That the Omaha bank
    was liable to the Moline bank for the amount of the note.

ERROR from the district court of Douglas county.
Tried below before BLAIR, J. *Affirmed.*

The opinion contains a statement of the case.

*Joseph R. Clarkson,* for plaintiff in error:

If the collection was legitimate the Moline bank is
entitled to the proceeds as a trust fund. (*Griffin v. Chase,*
36 Neb. 328; *Evansville Bank v. German-American Bank,*
155 U. S. 556; *First Nat. Bank v. Bank of Monroe,* 33 Fed.
Rep. 408; *Cragie v. Hadley,* 99 N. Y. 131; *Manufacturers
Nat. Bank v. Continental Bank,* 20 N. E. Rep. [Mass.] 193.)

The Omaha bank was the agent of the Moline bank,
and not responsible for the default of the Holt County
Bank. (*First Nat. Bank of Pawnee City v. Sprague,* 34 Neb.
318; *Waterloo Milling Co. v. Kuenster,* 41 N. E. Rep. [Ill.]
906.)

The Omaha bank was not the owner of the paper, and
a credit could not make it the owner if, at the time of
credit, Holt County Bank was indebted to it. (*Commercial
Bank of Pennsylvania v. Armstrong,* 148 U. S. 50; *Bank of*

*Clarke County v. Gillman*, 30 N. Y. Supp. 1111; *White v. National Bank*, 102 U. S. 658; *National Butchers & Drovers Bank v. Hubbell*, 22 N. E. Rep. [N. Y.] 1031; *Tyson v. Western Nat. Bank*, 26 Atl. Rep. [Md.] 520.)

Until the Omaha bank had actually received the proceeds of the Dorr collection the relation of debtor and creditor would not exist between it and the Moline bank. (*First Nat. Bank v. Bank of Monroe*, 33 Fed. Rep. 408; *Boykin v. Bank of Fayetteville*, 24 S. E. Rep. [N. Car.] 357.)

*Isaac E. Congdon* and *Hall & McCulloch*, also for plaintiff in error.

*James H. McIntosh, contra:*

The Holt County Bank was the Omaha bank's agent. (*Kent v. Dawson Bank*, 13 Blatch. [U. S. C. C.] 237; *Strong v. Stewart*, 56 Tenn. 137; *Campbell v. Reeves*, 40 Tenn. 227.)

The Omaha bank's agent collected this note, credited the defendant as instructed, and therefore the defendant is bound for this money to the Moline bank. (*Smith v. Gardner*, 36 Neb. 741; *Pasewalk v. Bollman*, 29 Neb. 519, 528; *Mayer v. Heidelbach*, 123 N. Y. 332; *Howard v. Walker*, 92 Tenn. 452; *Bailey v. Partridge*, 134 Ill. 188; *Pratt v. Foote*, 9 N. Y. 463; *Bolton v. Richard*, 6 Term R. [Eng.] 139; *Marine Bank v. Fulton Bank*, 2 Wall. [U. S.] 252; *People v. City Bank of Rochester*, 93 N. Y. 582; *National Butchers & Drovers Bank v. Hubbell*, 117 N. Y. 384; *Born v. First Nat. Bank*, 123 Ind. 78; *Stephens v. Badcock*, 3 B. & A. [Eng.] 353; *Commercial Bank v. Jones*, 18 Tex. 811; *Myers v. Tyson*, 13 Blatch. [U. S. C. C.] 242.)

HARRISON, C. J.

On April 20, 1893, the defendant in error, hereinafter styled the Moline bank, was the owner of a promissory note in the sum of $1,102.43, executed by David L. Darr, of date November 7, 1892, and due May 7, 1893, payable at Holt County Bank, O'Neill, Nebraska, and on April 20, 1893, sent it to plaintiff in error, hereinafter called

the Omaha bank, for collection.  The letter by which it was transmitted was as follows:

"MOLINE, ILLINOIS, April 20, 1893.

"*F. H. Davis, Cashier, Omaha, Nebraska*—DEAR SIR: Herewith find for collection and returns:

"Number.                                          Amount.

"36811   David L. Darr, May 10........$1,147.25 and Ex.

"Please acknowledge and report by number.  Do not hold collections.  If dishonored, return at once.

"Yours respectfully,     J. S. GILMORE, *Cashier*."

The Omaha bank acknowledged receipt of the note and on April 26 sent it to the Holt County Bank.  The letter with which it was inclosed was in terms:

"OMAHA, NEBRASKA, April 26, 1893.

"*Holt County Bank of O'Neill*—DEAR SIR:  I inclose for collection and credit the following items.  Correspondents are not authorized to hold collections for convenience of customers.  Please return promptly all unpaid paper.  Do not credit until paid.  Please report by our number.  Protest, unless otherwise instructed.

"Yours respectfully,     F. H. DAVIS, *Cashier*.

"355136   Darr.  No. Pr.  Int...............$1,102.43."

The words in the letter, "Do not credit until paid," were in red ink.  The note was indorsed as follows:

"Pay F. H. Davis, Cr., or order, for account of First National Bank, Moline, Ills.

"*J. S. GILMORE, Cashier, Omaha*."

"Pay G. B. Darr, cashier, or order, for collection and remittance to First National Bank, Omaha, Neb.

"*F. H. DAVIS, Cashier*."

The Moline bank wrote several times to the Omaha bank and inquired in regard to the note and its payment, and urged its return if not paid.  The Omaha bank, by letters and telegrams to the Holt County Bank, made inquiries as to what had been done with the note and requested or demanded its return if unpaid.  On July

10 the Holt County Bank received of the payee of the note a check signed by one Barrett Scott in the sum of $1,000, and another check or the cash, it is not quite clear which, but probably the former, for the amount of the balance due, stamped the note "paid" and delivered it to the payee, also prepared a deposit slip or credit ticket by which the collection was described, its payment shown, and a credit for its amount indicated to the Omaha bank. This was placed on a spindle as a first entry or statement of the transaction to be thereafter copied or posted in the books of the bank. The Holt County Bank returned to the Omaha bank the letter of the latter which had accompanied the note when sent to the former with the following figures thereon:

| | | |
|---|---|---|
| "93— 7—10 | | 1102.43 |
| 92—11— 7 | | 8% |
| 8— 3 | 6:2 ) | 88.19.44 |
| | | 44.087 |
| | 2:3 | |
| | 3:20 | 18.029 |
| | | .900 |
| Holt County Bank | | 63.01 |
| Paid. | | 1102.43 |
| Jul. 10  10 00 | | |
| O'Neill, Neb. | | $1165.44    We credit." |

The Holt County Bank did not open its doors for business after July 10, and on July 12, at about 1 o'clock in the morning, passed into the hands of a bank examiner and was afterwards placed in care of a receiver. The Holt County Bank and the Omaha bank had each an account with the other, and there had been such accounts and a course of continuous mutual business transactions between them during four or five years prior and to and inclusive of the time of the matter herein involved. The

Holt County Bank had overdrawn its account with or was indebted to the Omaha bank at the time of its failure. The Omaha bank refused to account to or pay to the Moline bank the amount of the collection, and this action was commenced to recover of it such sum. Its answer to the pleading, in which the claim was asserted, contained some admissions and some denials of matters stated for the Moline bank, and also this further: "Further answering, defendant alleges that on the 10th day of July, 1893, said Holt County Bank failed and immediately was taken under the charge of the state of Nebraska, through its state examiner, James A. Kline; that prior to said failure, after the maturity of said note, defendant repeatedly requested said Holt County Bank to return said note, which was as often refused, and plaintiff notified of the action on the part of said Holt County Bank; that in selecting said Holt County Bank as its correspondent for the collection of said note defendant had every confidence in its reliability and supposed, and had every reason to suppose, that it was in a solvent condition and would duly and properly attend to the collection of said note and 'return it if it were not paid when it became due;' that in accepting from plaintiff said note for collection defendant notified plaintiff that it, defendant, acted only as plaintiff's agent and assumed no responsibility beyond due diligence on its part, the same as on its own paper, and plaintiff consented to defendant's undertaking said collection on said conditions, and knew at the time that defendant could not itself attend to said collection, but would have to transmit said note to a correspondent at O'Neill for collection; that said note has never been paid; that at all times mentioned in petition there was in existence among banks and bankers of the United States, and known to plaintiff, a custom and general usage whereby a city bank having to collect paper payable at town in interior of state would have to transmit for collection such paper to some correspondent bank at the place where the

debtor resided." Of the issues joined there was a trial, during the course of which there was a demurrer to the evidence introduced in support of the defense of the Omaha bank, and a motion for the direction of a verdict in favor of the contention of the Moline bank. These were sustained, the verdict was directed and returned, and an accordant judgment rendered.

In error proceeding to this court it is urged for the Omaha bank that when it forwarded the note to the Holt County Bank for collection it had performed all that could be exacted of it; that the bank of collection became the agent of the Moline bank, and the intermediary bank was not further liable. Had the note been transmitted to the Holt County Bank merely for collection and remittance of the amount received, then the doctrine indicated in the argument might have been successfully invoked and have been governable in the determination of the litigation, for on this subject it has been announced by this court: "Where a bank receives for collection a note or bill payable at a distant point, with the understanding that such collection is an accommodation only, or that it shall receive no compensation therefor beyond the customary exchange, and it transmits such paper to a reputable and suitable correspondent at the place of payment, with proper instructions for the collection and remittance of the proceeds thereof, it will not be liable for the defaults of such correspondent. In such case the holder will be held to have assented to the employment in his behalf of such agents as are usually selected by banks in the course of business in making collections through correspondents, and the correspondent so selected will, in the absence of negligence by the immediate agents and servants of the transmitting bank, become the agent of the holder only." (*First Nat. Bank of Pawnee City v. Sprague,* 34 Neb. 318.) But the Omaha bank did not allow this note to take the regular course of collections and to fall within the established rules relative to such transac-

tions. It withdrew it therefrom by its instructions in the letter of transmittal by which it ordered that it be given a credit for the amount collected at the time of payment. This, conjointly with the further facts of the payment and the credit, established the relations of principal and agent between it and the bank of collection and made it liable to the Moline bank for the amount collected. There were no circumstances or facts of a nature to modify or alter the import and effect of the evidence adduced on the main issues, and there was a clear resultant liability of the Omaha bank to the Moline bank. (Story, Agency [9th ed.] sec. 231*a*, p. 274; *Taber v. Perrot*, 2 Gall. [U. S.] 565.)

It is insisted that there was no payment of the collection to the Holt County Bank shown; that there was such an inference of fraud and unfair dealing exhibited by the evidence on the subject of the payment of the note, or collusion between the bank of collection and the payee, directed against and calculated to affect the rights of the intermediate bank as to render such asserted payment of none effect, to show it a sham and in fact no payment. Whether the defense here sought to be interposed could be made of avail under the issues presented by the pleadings we need not decide. Suffice it to say that the only reasonable conclusions which could be drawn from the evidence were that payment of the note was made, and credit for the amount collected given the Omaha bank in accordance with its instructions.

The charge of the trial court to the jury to return a verdict for the Moline bank was warranted by the facts and the law applicable thereto, was proper, and the judgment must be

AFFIRMED.