SUSAN L. BRECK, APPELLANT, V. CHARLES MEEKER ET AL., APPELLEES.

FILED MARCH 4, 1903.   No. 12,734.

1. **Principal and Agent: SUBSTITUTE.** If a principal constitutes an agent to do a business which obviously and from its very nature can not be done by the agent otherwise than through a substitute, or if there exists in relation to the business a known established usage of substitution, in either case the principal would be held to have expected and authorized such substitution.

2. **Evidence: JUDGMENT.** Evidence examined, and *held* sufficient to sustain the judgment of the district court.

APPEAL from the district court for Chase county: GEORGE
W. NORRIS, DISTRICT JUDGE.    *Affirmed.*

*S. S. Bishop, Claude C. Flansburg* and *Richard O. Williams,* for appellant.

*Charles W. Meeker* and *Jefferson H. Broady, contra.*

OLDHAM, C.

This was a suit to foreclose a real estate mortgage on
160 acres of land situated in Chase county, Nebraska. The
mortgage was given to secure a note for $300 from Charles
Meeker, payable to the order of John L. Farwell, at Clare-
mont National Bank, of Claremont, N. H., dated November
27, 1886, and due January 1, 1892, bearing eight per cent.
interest annually. The loan was negotiated through the
agency of C. C. Burr, of Lincoln, Neb., and the money was
remitted to Meeker by a draft from Mr. Burr. Before the
loan matured, the mortgaged premises were conveyed to
defendant Mary E. Meeker. Defendant filed a separate
answer to plaintiff's petition, admitting the execution and
delivery of the note and mortgage, and alleging that for
the purpose of clearing her title to the premises she had
fully paid the entire mortgage indebtedness on June 5,
1894. Plaintiff replied to this answer with a general de-
nial, and on issues thus joined a trial was had to the court,
and judgment was rendered in favor of defendant Mary E.
Meeker, and plaintiff brings the cause to this court by
appeal.

The question which we are asked to determine is as to
whether the evidence is sufficient to sustain the judgment
of the lower court. Certain facts in the record are undis-
puted. These are that the loan was negotiated through
C. C. Burr, at Lincoln; that the mortgage and note were
delivered to him, and the money received on his draft; that
each interest coupon, except the last, was paid to Burr and
remitted by Burr to Farwell. It is also undisputed that

on June 5, 1894, the remainder of the note and interest was paid to the sheriff of Chase county on an order which he had received from Burr for such amount.  It is undisputed that Farwell indorsed the note before maturity to Susan A. Judkins, and that she indorsed the same, long after maturity and after it had been paid, to the plaintiff in this cause of action.

The question of the sufficiency of testimony, similar to that in the case at bar, to establish an ostensible agency in C. C. Burr for the collection of notes and coupons for John L. Farwell, the Sullivan Savings Institution, and others, having transactions with him similar in nature and extent, has been frequently reviewed by this court, and held sufficient to sustain a judgment based on a finding of such agency.  *Harrison Nat. Bank of Cadiz v. Austin,* 65 Neb. 632.

In fact, the learned counsel for appellant frankly concedes that if the note had been retained by Farwell, he would in deference to the previous rulings of this court on the question of Burr's agency of Farwell, admit that the judgment of the trial court should be affirmed.  But he contends that there is no testimony in the record tending to show that Burr was the agent of either Mrs. Judkins or the plaintiff in this cause of action; here neither of these in any event should be bound by Burr's agency of Farwell.

The testimony with reference to Mrs. Judkins tends to show that she kept the note in controversy and other valuable papers in a trunk in the vault of the Claremont National Bank, of which Farwell was president, and that she gave Mr. Farwell a duplicate key to this trunk, so that he could procure papers when called for payment.  The evidence shows that the mortgage in suit remained in this trunk from 1887 until 1897, when Mrs. Judkins assigned the note, without recourse, to Mrs. Beck, who is the plaintiff in this cause of action and a sister of John L. Farwell.

Mrs. Judkins says in her deposition: "I purchased a number of western loans from John L. Farwell and he acted as my agent in collecting the same, and he agreed to

pay me my interest every January 1." We think this tes-
timony tends to show that Mr. Farwell was the agent of
Mrs. Judkins fully and generally authorized to do what-
ever prudence and diligence might seem to require in
the collection of principal and interest on her western
loans, and if it was, as he undoubtedly deemed it to be, ex-
pedient to prosecute the collection of this note and in-
terest through the agency of Mr. Burr, the authority to col-
lect and receipt for the payment of the debt and interest
was imputed to Burr through the agency of Farwell.

The rule is laid down in 1 Parsons, Contracts (9th
ed.), ch. 3, sec. 13, p. 84: "If a principal constitutes an
agent to do a business which obviously and from its very
nature can not be done by the agent otherwise than through
a substitute, or if there exists in relation to that business a
known and established usage of substitution, in either case
the principal would be held to have expected and have
authorized such substitution." From this view of the
case, we think there is competent evidence to sustain the
judgment of the trial court as to Burr's authority to act
in the matter for Mrs. Judkins; and if Burr was authorized
to bind her by his receipt for the payment of the debt, it
follows that the plaintiff in this cause of action, who did
not purchase the note until long after its maturity and
payment, took it subject to the defense of payment which
existed against her indorser.

It is finally contended that the evidence fails to show
that the payment of the debt was actually made in money
to Burr. The testimony with reference to the payment is
substantially as follows: Mr. Burr had been foreclosing
numerous mortgages in Chase county, and had become in-
debted to the sheriff of that county for a sum of money
either a little more or a little less than the amount due on
the Meeker loan. The Meekers notified Burr that they
were ready to pay the loan. He thereupon gave an order to
the sheriff of Chase county on Meeker for the amount due
on Meeker's loan. When the sheriff presented the order
to Meeker it was paid to him, $100 in cash, and the re-

mainder by check which was paid on presentation to the bank. As soon as Burr received his deeds, he conveyed the lands to Farwell and the Sullivan Savings Institution as security for this loan, and credited Farwell with the amount of the loan on his books. Plaintiff's evidence shows that Farwell subsequently came with Burr to Chase county and was informed by Meeker of the fact of this payment, in the presence of Mr. Burr, and that he stated that as soon as he returned east he would forward the papers to Mr. Burr to be delivered to the Meekers. We think this evidence shows that the payment was made in money, and does not place this case within the rule announced in *Gilbert v. Garber,* 62 Neb. 464.

It is therefore recommended that the judgment of the district court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.