spects, it does not appear that the property was taken " with the intent to deprive another thereof."

*Johnson Nickens, Attorney-General*, for defendant in error.

Under the rules of pleading prescribed by the C. Cr. Pro., and the authorities under like statutes, the indictment is sufficient. §§ 214, 215, 221; People v. King, 27 Cal. 513; People v. Vance, 21 id. 400; Berg v. State, 2 Tex. App. 148.

By the COURT:

The judgment in this case is affirmed.   All of the justices concur except AIKENS, J., not sitting.

---

FIRST NATIONAL BANK OF LOS ANGELES, Appellant, *v.* DICKSON ET AL., Respondents.

**Trover and Conversion — Title, Sufficiency of Evidence to Sustain.**

> In an action for the conversion of certificates of deposit by an indorsee bank, against persons who had taken them from its correspondent on an attachment against its immediate indorser, the fact that the plaintiff bank on hearing of the dishonor of the certificates charged them back to the indorser on his account, is not sufficient evidence of want of title to the certificates to authorize the court in directing a verdict against the plaintiff bank.

(Argued at the May Term, 1889, and determined at the October Term, 1889.)

APPEAL from the district court, Minnehaha county; Hon. J. E. CARLAND, Judge.

This was an action by the First National Bank of Los Angeles, California, plaintiff, against J. M. Dickson and G. H. Hollister, defendants, to recover the value of three certificates of deposit taken by them from the plaintiff.

It appeared that the certificates had been issued by the First National Bank of Sioux Falls, Dakota, to one J. B. Young; that Young deposited them with the plaintiff bank; that it sent them forward for collection, and when they reached Sioux Falls they were attached as the property of Young, at the suit of Hollister against Young. The other defendant, Dickson, was the sheriff

who had taken the certificates on the writ. At the trial the court directed a verdict against the bank, on the ground that it had failed to prove title to the certificates. The certificates, differing in amount, were all in the following form:

"$3,000.     THE FIRST NATIONAL BANK OF SIOUX FALLS,     }
                    SIOUX FALLS, Dakota, *December* 24, 1885. }

"J. B. Young has deposited in this bank, three thousand dollars, payable in current funds to the order of himself, on the return of this certificate properly indorsed.

"No. 7805.    Int. 6% per annum.

"W. F. FURBECK, *Cashier*."

These certificates were indorsed to the plaintiff bank by Young, February 26, 1886, and he received credit for them on his account with the bank as a money deposit. They were then returned to Sioux Falls by the plaintiff bank for collection and while in the hands of its correspondent were attached by the defendants, March 6, 1886. At about this time the plaintiff heard the standing of the bank issuing the certificates was not good, or that it had dishonored the certificates thereupon March 10, it charged them back to Young in his account upon its memorandum check. There was no evidence that Young ever consented to their being charged back. There was, however, a statement of his account, May 19, 1886, in evidence showing this charge, and an overdraft of $1,434.49. The certificates were protested for non-payment. At the time of the trial the certificates were still in the possession of the sheriff. This action was commenced June 30, 1886.

Upon the above evidence the defendants moved the court to direct a verdict in their favor. On this motion the court held, "I think that when Young indorsed the certificates to the bank, title passed to the bank, but when they were returned and charged back, that title passed back to Young." It thereupon directed a verdict as requested. After the denial of a motion for a new trial and the entry of final judgment the plaintiff appealed.

*Winsor & Kittredge*, for appellant.

The only question for determination is, in whom was the title to the certificates? The certificates were negotiable. § 1829, C.

C.;· Miller v. Austin, 13 How. 218 ; Pardee v. Fish, 60 N. Y. 265 ; 1 Rand. Com. P., § 89.  By the indorsement and credit appellant obtained absolute title.  §§ 1829, 1835, 1852, 1853 ; Brown v. Spafford, 95 U. S. 474 ; Brown v. Wiley, 20 How. 442 ; Dobbins v. Oberman, 22 N. W. Rep. 352 ; Wayland v. Bowman, 56 Wis. 657 ; Johnson v. Lewis, 6 Fed. Rep. 27 ; Poorman v. Mills, 35 Cal. 118 ; Curtis v. Sprague, 51 id. 239 ; Bank v. Lloyd, 90 N. Y. 530 ; Marbourg v. Lloyd, 21 Kan. 545 ; Railroad Co. v. Johnson, 27 Fed. Rep. 243.  This would certainly be the case in this kind of an action against everybody but Young.   Hilliard, Torts, 55 ; Whart. Ev., § 1336 ; 2 Gr. (13th ed.), § 172 ; Seybel v. Nat. C. Bk., 54 N. Y. 288.  Title could have passed back to Young again only by contract or operation of law.   Of the former there is absolutely no proof, and of the latter the proof was insufficient.  §§ 965, 967, C. C. ; Gay v. Alter, 102 U. S. 79 ; Lancaster v. Haver, 6 Atl. Rep. 141 ; Hunt v. Silk, 5 East, 249 ; Beed v. Blanford, 2 Y. & J. 278 ; 2 Pars. Cont. (7th ed.) 679 ; Robinson v. Howes, 20 N. Y. 84 ; Grant v. Low, 29 Wis. 99 ; Francis v. Railroad Co., 108 N. Y. 93 ; Dougherty v. Bank, 93 Pa. St. 227 ; Byard v. Holmes, 33 N. J. L. 119 ; Bank v. Newell, 71 Wis. 309.

*Bailey & Davis*, for respondents.

The evidence fails to show title in the appellant.   The fact of its receiving the certificates from Young raises no presumption of continued ownership without possession.

By appellant's charging them back, Young became vested with title.   It could not hold the certificates and retain the credit and it cannot be heard to complain of its ˙own act.   Under banking customs it had the right to charge them back.   Balbach v. Frelinghuysen, 15 Fed. Rep. 683 ; Morse, § 565.   By the protest Young's liability become fixed on his indorsement (1 Daniel, § 669), and to satisfy this liability the bank could appropriate any of his funds on deposit.  Morse, §§ 557, 559 ; Manderville v. Bank, 9 Cr. 9 ; Ætna Nat. Bk. v. Bank, 46 N. Y. 88 ; Indig v. Nat. C. Bk., 80 id. 106 ; 1 Daniel, § 29 ; Muench v. Valley Nat. Bk., 11 Mo. App. 144.   The bank was under no obligation to seek Young, his duty was to come after the certificates.   The case is analogous to the sale of personal property without delivery.   2

Blacks. 448. The vice of appellant's contention is that the re-
turn of the certificates must precede the right to charge them back.
None of its citations sustain such doctrine.

By the COURT:

The judgment in this case is reversed and a new trial is ordered.
All the justices concur except SPENCER, J., not sitting.

---

PLYMOUTH COUNTY BANK, Respondent, v. GILMAN, Appellant.

**Pledge and Collateral Security — Enforcement — Negligence —
Evidence — Sufficiency.**

> On an issue of a creditor's negligence in enforcing collateral securities
> (notes and a mortgage) the fact that the creditor placed them in the hands
> of reputable attorneys for collection would not warrant the court in direct-
> ing a verdict in his favor on this issue where the evidence tended to show
> the security was lost by the negligence of the attorneys.

(Argued at the May Term, 1889, and determined at the October Term, 1889.)

APPEAL from the district court, Minnehaha county; Hon. J.
E. CARLAND, Judge.

This was an action by the Plymouth County Bank, plaintiff,
against Frazier Gilman, defendant, upon a promissory note. The
defendant admitted the execution of the note, but alleged by way
of counter-claim that at the time the note was delivered he was
the owner and holder of six promissory notes and a mortgage
given to secure them by one Mason and his wife; that he deliv-
ered these notes and the mortgage to the plaintiff with the under-
standing that when they became due it would proceed to collect
them, apply the proceeds to the note described in the complaint
and pay the balance over to the defendant; that at the time of the
delivery of said notes and mortgage they were worth their face
value; that plaintiff neglected and refused to comply with its
agreement as to the collection of said note, though often requested
so to do by the defendant; that the said Mason became insolvent
and the property upon which the mortgage was given, worthless.
The defendant demanded judgment for the difference between
the note sued on and the six promissory notes. In reply to the
counter-claims the plaintiff alleged that shortly after the first of