## DOWNEY v. THE NATIONAL EXCHANGE BANK.

[No. 7,309. Filed November 14, 1911. Rehearing denied March 28, 1912. Transfer denied March 6, 1913.]

1. BANKS AND BANKING. — *Deposit of Check for Collection. — Agency.—Liability.*—Where a check is deposited with a bank for collection, a privity of contract exists between the depositor and each bank through which the check passes, whereby a duty is imposed to use reasonable care and diligence in its collection and renders that bank, whose negligence or misconduct results in the loss of the debt, liable to the depositor. p. 676.

2. BANKS AND BANKING.—*Deposit of Check.—Character of Deposit.*—The question of whether a check deposited by the payee in a bank other than the one on which it is drawn amounts to a sale of the check, or merely constitutes a deposit of same for collection, must be determined from the facts and circumstances attending the transaction. p. 677.

3. BANKS AND BANKING. — *Deposit of Check for Collection.— Agency.*—Where a check is indorsed for collection, or where there is a definite understanding that such is the purpose of the parties, or where the memorandum of deposit shows that it is deposited as a check, it remains the property of the depositor and the bank holds it as his agent for collection. p. 677.

4. BANKS AND BANKING.—*Deposit of Check.—Deposit as Cash.—* Where there is a definite agreement that a check is deposited as cash, the title passes to the bank and it has a right to control its collection and receive the proceeds. p. 677.

5. BANKS AND BANKING.—*Deposit of Check.—Character of Deposit.—Presumptions.*—Where a check, bearing an indorsement not indicating that it was indorsed for collection, is passed to the credit of the depositor as cash, and nothing further appears, the presumption arises that the transaction constitutes a sale of the check to the bank, but such presumption may be rebutted by facts or circumstances showing a contrary intention. p. 678.

6. BANKS AND BANKING.—*Deposit of Check.—Character of Deposit.—Duty to Depositor.*—Where the transaction of depositing a check amounts to a sale thereof to the bank, a bank to which it is subsequently passed for collection is not the agent of such depositor and owes him no duty in respect to its collection. p. 679.

7. BANKS AND BANKING.—*Deposit of Check.—Return of Check to Depositor.—Effect.*—Where a check which has been deposited as cash and sent out for collection is returned to the bank in which it was deposited, and is by such bank charged to the account of the depositor, and is turned over to him and accepted by him, the transaction amounts to a resale of the check to such depositor. p. 680.

8. APPEAL.—*Review.—Ruling on Motion for New Trial.*—A finding will not be reversed on alleged error in overruling the motion for new trial, based on the ground that the evidence is insufficient and that the finding is contrary to law, and that the court failed to find facts supported by the evidence, where there is not a total want of evidence to support the findings, and it is not shown that any material fact, supported by undisputed evidence, has been omitted from the finding. p. 680.

9. APPEAL.—*Review.—Presumptions.—Failure to Find Fact.*—A failure to find a fact is a finding against the party having the burden of the issues to which such fact is relevant. p. 680.

10. APPEAL.—*Review.—Harmless Error.—Unsupported Finding of Fact.*—Even though a finding of fact is wholly unsupported by the evidence, it is not cause for reversal, where such fact was wholly immaterial to the decision of the case. p. 680.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Jacob F. Downey against The National Exchange Bank. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John H. Kiplinger, John D. Megee* and *Austin Retherford,* for appellant.

*William A. Kittinger* and *William S. Diven,* for appellee.

LAIRY, C. J.—Appellant brought this action for the proceeds of a check. After all the pleadings were in, the issues thus formed were tried by the court without the intervention of a jury. The court made a special finding of facts and rendered conclusions of law thereon in favor of appellee, and judgment was rendered against appellant.

The facts set out in the special finding, so far as material to a decision of this case, are, in substance, as follows: John W. Jones executed his individual check in the sum of $1,225, drawn on the Citizens Bank of Anderson, Indiana, and made payable to Jacob F. Downey, appellant herein, and dated June 12, 1905. Appellant came into possession of said check and deposited it in the Bank of Arlington, Indiana, receiving credit therefor. The Arlington bank forwarded it to the Capital National Bank, at Indianapolis, Indiana, for collection, and received credit therefor, and said Capital National Bank forwarded it to the National Exchange Bank, of Anderson, Indiana, and charged it to said bank, appellee herein. The check came into the hands of appellee on the morning of June 16, 1905.

There are several banks in Anderson, Indiana, and by an arrangement among them, about 10 o'clock each morning there is a meeting composed of a clerk from each bank, at which time the checks held by each bank, drawn on any other of said banks and cashed the day before, or coming for collection to each of said other banks, are taken by said clerks and summed up, the checks drawn on each delivered to the clerk so representing it, and the difference in the amounts of the checks settled later in the day. The checks

on each bank are then taken by the representative' therefrom and turned over to the proper officer or cashier thereof, to be passed on, honored if proper, or if not proper, to be returned to the bank which held them on the same day.

Prior to June 16, 1905, and after said check had been signed by said John W. Jones, said John W. Jones had stopped payment on said check, and ordered said Citizens Bank not to pay it.   On June 16, 1905, the clerks of said banks of Anderson, Indiana, met and exchanged checks, and summed up the amounts thereof, appellee bank turned over to the clerk representing the Citizens Bank said check drawn by said John W. Jones for $1,225, and the same was included in the amounts cast up by said clerks, and later in the day the differences in said amounts were settled by said banks. The officers of said Citizens Bank on said June 16, 1905, which was Friday, in examining the large number of checks drawn on it and turned over to it by the clerk of appellee bank, as aforesaid, by inadvertence and mistake overlooked the check drawn by John W. Jones for $1,225, and it reached the bookkeeper without being noticed, and was not discovered until late on Saturday.   On Monday, June 19, 1905, said Citizens Bank of Anderson returned said check to the National Exchange Bank, at the time representing to said appellee that the check had been received by inadvertence and mistake, and that payment thereof had been stopped by said John W. Jones, and that the Citizens Bank had no right to and no intention of paying it; thereupon requesting appellee bank to correct said mistake, receive back the check and give the Citizens Bank of Anderson credit for said amount in its settlement, which was done.

Appellee thereupon returned said check to the Capital National Bank, of Indianapolis, as not paid, and the Capital National Bank received the same and credited the amount thereof to appellee.   The Capital National Bank thereupon returned the check as unpaid to said Bank of Arlington from which it had received the same, and the

Bank of Arlington received the check and credited the Capital National Bank therewith. The Bank of Arlington thereupon returned the check to appellant as unpaid, and appellant received and accepted the same, and gave the Bank of Arlington credit for the amount thereof. Appellant has ever since had and still retains possession of the check. He has demanded of appellee the payment of said check, and said demand has been refused.

Appellant excepted to the conclusions of law and also filed a motion for a new trial, which motion was overruled by the court. The errors assigned for reversal are that the court erred in its conclusions of law and also erred in overruling appellant's motion for a new trial.

Appellant's theory of his right to recover against appellee is that the check drawn in his favor by John W. Jones was placed in the Bank of Arlington for collection and that when said check was transmitted to the Capital National Bank of Indianapolis, and by that bank transmitted to the National Exchange Bank of Anderson, each of the banks named held the check for collection as agents of appellant. 1. If under the facts disclosed by the special finding, each of the banks named became successively the agent of appellant, then a privity of contract existed between appellant and each one of the banks named, whereby a duty arose to use reasonable care and diligence in the collection of said check, and if any of said banks were guilty of negligence or misconduct resulting in the loss of the debt it would be liable to appellant. *First Nat. Bank* v. *First Nat. Bank* (1881), 76 Ind. 561, 40 Am. Rep. 261.

It is the theory of appellee that the facts found by the court disclose that the check was not placed in the bank at Arlington for collection, as claimed by appellant, but that the transaction which occurred amounted to a sale of the check by appellant to said bank; that the title to the check passed to the bank at the time of said endorsement and the bank's indebtedness to appellant was increased by the

amount of the credit which he received at the time; that thereafter the bank at Arlington, being the owner of the check, had the sole right to control its collection, and that the banks to which it was subsequently transmitted were either owners of the check by purchase or held it for collection as agents of the Bank of Arlington; and that in either event such banks were not agents of appellant. If the facts disclosed by the special finding show that appellant was not the owner of the check at the time it was paid to the appellee, then appellee was not his agent and owed him no duty, for the reason that there was no privity of contract between them.

When a check, which is indorsed by the payee and placed in a bank other than the one on which it is drawn, the question as to whether the transaction constitutes a sale

2. of the check, or whether it amounts to a deposit of the check for collection, depends on the facts and circumstances attending the transaction. Where the indorsement shows that it is indorsed for collection, or where

3. there is a definite understanding that such is the purpose of the parties, there is no question that the title to the paper does not pass, or where the check is deposited as a check and the memorandum of deposit so shows, there can be no question that the relation of debtor and creditor does not arise and that the check remains the property of the depositor and the bank holds it as his agent for collection. *First Nat. Bank* v. *Greenville Nat. Bank* (1892), 84 Tex. 40, 19 S. W. 334; *Bailie* v. *Augusta Sav. Bank* (1895), 95 Ga. 277, 21 S. E. 717, 51 Am. St. 74. It is also quite clear that where there is a definite agreement at the time of such

4. deposit that the check is deposited as cash, the title passes to the bank. In such a case the depositor of such check, if he indorses it, becomes liable on his indorsement, and the bank becomes indebted to him for the amount credited to his account, and such bank has a right to control the collection of such check and receive the proceeds.

Where, however, there is no specific agreement or understanding at the time a check is deposited as to how it is to be treated, and the bank gives the depositor credit for the check as so much cash, the question arises whether the title passes to the bank or whether it remains in the depositor and the bank holds it for collection. On this question the authorities are not without conflict.

According to the weight of authority, where it appears that a check, bearing an indorsement not indicating that it was indorsed for collection, is passed to the credit of the depositor as cash, and nothing further appears, the presumption arises that the transaction constitutes a sale of the check to the bank. This presumption, however, is not conclusive and may be rebutted by facts or circumstances showing a contrary intention. *Hoffman* v. *First Nat. Bank* (1884), 46 N. J. L. 604; *In re State Bank* (1894), 56 Minn. 119, 57 N. W. 336, 45 Am. St. 454; *Fourth Nat. Bank* v. *Mayer* (1892); 89 Ga. 108, 14 S. E. 891; *Williams* v. *Cox* (1896), 97 Tenn. 555, 37 S. W. 282; *Metropolitan Nat. Bank* v. *Loyd* (1882), 90 N. Y. 530; *First Nat. Bank* v. *Dickson* (1889), 6 Dak. 301, 50 N. W. 124; *Ayres* v. *Farmers', etc., Bank* (1883), 79 Mo. 421, 49 Am. Rep. 235; *American Trust, etc., Bank* v. *Gueder & Paeschke Mfg. Co.* (1894), 150 Ill. 336, 37 N. E. 227; *Wasson* v. *Lamb* (1889), 120 Ind. 514, 22 N. E. 729, 6 L. R. A. 191, 16 Am. St. 342. There are a few cases which hold that where a check is indorsed to a bank and credited to the depositor as cash, the title thereto *prima facie*, remains in the depositor, and the bank holds such check for collection, and that to show title in the bank, facts and circumstances must appear indicating such an intention. *Balbach* v. *Frelingheysen* (1883), 15 Fed. 675; *National Gold Bank, etc., Co.* v. *McDonald* (1875), 51 Cal. 64, 21 Am. Rep. 697; *National Commercial Bank* v. *Miller & Co.* (1884), 77 Ala. 168, 54 Am. Rep. 50. The decided weight of authority, however, is in favor of the doctrine as first announced. This rule has been adopted and applied by the Su-

preme Court of this State in the case of *Wasson* v. *Lamb, supra,* where the court states the rule in the following language: ''Ordinarily, whenever a deposit is made the amount and date thereof are entered by the cashier or teller in the bank-book or pass-book of the depositor, and such entries when made by the proper officer bind the bank as admissions. In some cases it has been held that they become conclusive upon the bank like an account stated, when the bank-book is balanced. 1 Morse, Banks and Banking (3d ed.) §291. The settled rule is, where checks, drafts, or other evidences of debt are received in good faith as deposits, if the bank credits them as so much money, the title to the checks or drafts is immediately transferred to the bank, and it becomes legally liable to the depositor as for so much money deposited. *Cragie* v. *Hadley* [1885], 99 N. Y. 131 [1 N. E. 537, 52 Am. Rep. 9] ; *Metropolitan Nat. Bank* v. *Loyd* [1882], 90 N. Y. 530. So, where a bank credits a depositor with the amount of a check drawn upon it by another customer, and there is no want of good faith on the part of the depositor, the act of crediting is equivalent to a payment in money. 'Nor can the bank recall or repudiate the payment, because, upon an examination of the accounts of the drawer, it is ascertained that he was without funds to meet the check, though when the payment was made, the officer making it labored under the mistake that there were funds sufficient.' *City Nat. Bank, etc.,* v. *Burns* [1880], 68 Ala. 267 [44 Am. Rep. 138] ; *Bolton* v. *Richard* [1795], 6 Term 139 ; *Oddie* v. *National City Bank* [1871], 45 N. Y. 735, 6 Am. Rep. 160.''

The special finding shows that appellant deposited the check in the Bank of Arlington, and received credit therefor. The transaction thus shown, *prima facie*, constituted a sale of the check, and the title thereto immediately passed to the bank. Appellee was not therefore the agent of appellant at the time the money was paid to it on said check, and the money so received was not the property of appellant, and appellee owed no duty in re-

spect thereto which would give rise to a cause of action in his favor. When the check was returned to the Bank of Arlington, and was by it turned over to appellant, and was by him accepted and charged to his account by the bank, this constituted a resale of the check to appellant.

From what has been said it is apparent that the court committed no error in its conclusions of law on the facts found.

The court did not err in overruling appellant's motion for a new trial. The causes for a new trial assigned below and relied on here are, (1) the special finding is not sustained by sufficient evidence, (2) the finding is contrary to law and is not sustained by sufficient evidence, and (3) the court failed to find facts supported by the evidence. Appellant does not contend that there is a total want of evidence to support the findings that we have treated as material to a decision of this case, and he has not called the attention of the court to any material fact which is supported by undisputed evidence, and which the court has not embodied in its finding. A failure to find a fact is a finding against the party having the burden of the issues to which such fact is relevant, and this court cannot reverse such finding where the evidence is conflicting. Appellant contends that there is a total want of evidence to sustain certain findings of the court in reference to the illegal character of the consideration for which the check was given. We have treated this finding as wholly immaterial to the decision of this case. The finding, being immaterial, did not harm appellant, and he cannot, therefore, complain even though it is wholly unsupported by the evidence.

Finding no reversible error, the judgment is in all things affirmed.

NOTE.—Reported in 96 N. E. 403. See, also, under (1) 5 Cyc. 493, 509; (2, 3, 4, 6) 5 Cyc. 493; (5) 5 Cyc. 494; (7) 5 Cyc. 499;

(8) 3 Cyc. 360; (9) 38 Cyc. 1985; (10) 38 Cyc. 1967. As to bank checks and whether they operate to assign the fund, see 19 Am. St. 609. As to liability of bank acting in capacity of collecting agent, see 77 Am. St. 613.