STEPHENS et ux. v. FIRST NAT. BANK OF CLEVELAND.   (No. 1221.)

(Court of Civil Appeals of Texas. Beaumont. April 4, 1925.)

1. Banks and banking ☜154(7) — Notes on back of check and evidence that bank accepted it conditionally held properly admitted.

Where plaintiff sought recovery against bank on ground that plaintiff as holder of check deposited it with bank, and bank alleged that check was taken by it for collection only, *held* that evidence of notation on back of check, stating that it was credited with understanding that it was to be made good if not satisfactory, together with testimony of cashier that plaintiff was told that check would be accepted only on condition that it was to be made good in event payment should be refused, was properly admitted to aid in determining bank's liability.

2. Banks and banking ☜154(8) — Evidence held to sustain finding for bank in action for recovery of deposit in form of check.

In action by plaintiff against bank to recover amount of check deposited with bank, evidence as to agreement between plaintiff and bank that check was accepted only on condition that plaintiff make it good in case payment was refused *held* to sustain finding for bank.

Appeal from Liberty County Court; C. R. Wilson, Judge.

Action by Joe Stephens and wife against the First National Bank of Cleveland. Judgment for defendant, and plaintiffs appeal. Affirmed.

Wm. McMurrey, of Cold Springs, for appellants.

P. C. Matthews, of Liberty, for appellee.

HIGHTOWER, C. J.   This suit was instituted by the appellants, Joe Stephens and his wife, Icy Stephens, against the First National Bank of Cleveland, Tex., seeking to recover the amount of a deposit for the sum of $100 alleged to belong to Mrs. Stephens, and for the further sum of $15 as attorney's fees.

The defendant bank answered by general demurrer and general denial, and specially answered that the check deposited by Stephens for his wife was taken by the bank for collection only as against the drawer of the check. This will suffice as a statement of the substance of the pleadings. The controversy arose upon the following facts:

On September 4, 1922, one E. N. Ward drew his personal check, payable to the or-

der of W. H. Brooks, in the sum of $100 on the First National Bank of Cleveland, Tex., the appellee here. Brooks, by indorsement in blank, sold the check to H. Cohen. Cohen sold the check for its full face value to appellant Joe Stephens, who a day or two thereafter presented the check to the bank for payment, but it was not paid for the reason that Ward at that time did not have sufficient funds in the bank to meet the check. On the 15th of September, 1922, the check was again presented by Joe Stephens, and, in explaining what then took place between the bank, acting through its cashier, and Stephens, his evidence was, in substance, as follows:

When he presented the check on this occasion, the cashier of the bank asked him if he wanted the money on the check or desired credit on the bank's books. He told the cashier that he desired the amount of the check placed to his wife's account. He testified that he explained to the cashier the reason why he wanted to deposit the amount of the check in his wife's name, his reason being that he had purchased the check with money which was the separate property of his wife. The check was introduced in evidence and showed upon its face to have been marked "paid" September 15, 1922, but upon the back of the check was this written notation: "Credited to account of Mrs. Icy Stephens 9/15/22, with understanding that if not satisfactory to be made good."

At that time the bank, through its cashier, delivered to Stephens a deposit slip reading as follows:

"Deposited in the First National Bank, Cleveland, Texas, by Mrs. Icy Stephens.
                "September 15, 1922.
    "Please list each check separately.
"Dollars                          Cents.
Currency ................
Silver ...................
Gold ......................
    "Checks as follows:
E. N. Ward.......:...................$100.00
    "Thanks.
    "Duplicate.
            . "C. V. Mangum, Cashier.
    Total .......................$100.00"

The bank's cashier, Mr. Mangum, testified, substantially, that when Mr. Stephens first brought the check to the bank, Ward did not have sufficient funds in the bank to pay it, and that before the check was again presented he, the cashier, had been informed of an understanding and agreement that had been entered into between the drawer of the check, Ward, and his creditors, by which they had all agreed that Mr. F. B. Henderson of Cleveland, Tex., would act in the way of a trustee for Ward and his creditors, and that outstanding checks issued by Ward to creditors, among them the check in question, was to be paid off by Henderson in proportion to the respective amounts due such creditors from lumber sales made by Ward and collected by Henderson; that when the check was presented the second time to the bank, he, the cashier, informed Mr. Stephens that he thought that a part of the amount called for by the Ward check to Brooks, if not all of it, had already been paid by Henderson under the arrangements above stated, and he testified that Mr. Stephens thereupon stated that this was not one of the old outstanding checks that Ward had given, and that the arrangement with Henderson above mentioned had no connection with this check, and that Stephens felt sure that the check would be honored and paid by Ward. He further testified that on this occasion, while he and Stephens were talking about the check, he, witness, stated that Mr. Ward was out of town, and that it would be impossible for him to get in touch with Ward for perhaps two weeks; that thereupon Stephens suggested that the bank take the check for collection, and that if Mr. Ward refused payment that the check be charged back and taken from Mrs. Stephens' account; that after this suggestion on the part of Mr. Stephens, he, the cashier, in the presence of Stephens and with his consent, wrote on the back of the check the notation: "Credited to account of Mrs. Icy Stephens 9/15/22, with understanding that if not satisfactory to be made good."

The cashier further testified, in substance, that as soon as he could get in communication with Ward after the check was put in the bank, he presented it to Ward, and that Ward refused to honor it, stating that the amount called for by the check had already been taken care of through payments made to Brooks under the arrangement had between Ward and his creditors and Mr. Henderson; that after Ward had refused to honor the check, the cashier, in accordance with his agreement with Stephens relative to the check, charged the same back to the account of Mrs. Icy Stephens, and thereupon gave to Mr. Stephens for his wife the following charge slip:

"Charge Mrs. Icy Stephens: Check signed by E. N. Ward, payable to W. H. Brooks charged back to your account as per agreement with Mr. Joe Stephens, who deposited the check with the understanding that if not satisfactory he would make it good. $100. This amount paid twice to Mr. Brooks. Cleveland, Texas, October 3, 1922. $100."

When the bank, defendant below, offered in evidence the written notation on the back of the check in question, which we have copied already, and in connection therewith offered the testimony of the bank's cashier, as we have stated it, the plaintiffs objected on the ground mainly that it was, in effect, permitting the defendant to alter and contradict the written contract of acceptance of the

check by the bank, as shown by the word "Paid" perforated on the face thereof and the deposit slip issued as we have shown, by parol testimony, which was wholly inadmissible, but the objection was overruled and appellants saved the point by proper bill.

The case was tried with a jury, and but one special issue was submitted by the court, which was as follows:

"At the time the check in question was presented to the First National Bank for payment by Joe Stephens, was there an agreement had between Joe Stephens and the First National Bank that said check was to be charged back to the account of Mrs. Icy Stephens in the event payment was refused by E. N. Ward?"

To this question the jury answered "Yes." and upon this answer, judgment was rendered by the court that plaintiffs take nothing by their suit.

Able counsel for appellants has advanced a number of propositions, under which he contends that the judgment should be reversed, and most of them are based upon a number of sections of article 6001, Complete Texas Statutes, known as the Negotiable Instrument Act, passed by our Thirty-Sixth Legislature. We shall not go into these propositions in their numerical order or in detail at all, for we are certain that if the written notation upon the back of the check as we have quoted it, and the evidence of the bank's cashier, in connection with that notation, were admissible, the judgment in this case must be affirmed. We see no reason why this testimony was not admissible relating to this transaction between the holder of the check in question and the drawee bank. The drawing of the check by Ward was not an assignment of that amount of money to the payee named until the check had been unconditionally accepted by the bank. If the check had been unconditionally accepted, then, of course, the bank, in refusing to recognize Mrs. Stephens as the owner of the deposit, would have been clearly liable in this case. But when Joe Stephens was informed, if he was when he presented this check the second time for payment, by the bank's cashier that the bank would only accept the check or cash the check upon condition that Mr. Stephens would agree to make the check good in the event its payment should be refused by Ward, Stephens had the right to accept such conditional acceptance or reject it, he being the holder of the check at the time, and if he chose to let the bank take the check with such understanding, which was, in effect, a presentation of the check to the bank for collection, then we see no reason why that transaction should not be binding upon the parties. We do not regard the case of Bull v. Novice State Bank (Tex. Civ. App.) 250 S. W. 232, or the case of Commercial State Bank v. Harkrider (Tex. Civ. App.) 250 S. W. 1069, as being in conflict with this view. In the case of Downey v. National Exchange Bank, 52 Ind. App. 672, 96 N. E. 403, the court, among other things, said:

"According to the weight of authority, where it appears that a check, bearing an indorsement not indicating that it was indorsed for collection, is passed to the credit of the depositor as cash, and nothing further appears, the presumption arises that the transaction constitutes a sale of the check to the bank. This presumption, however, is not conclusive and may be rebutted by facts or circumstances showing a contrary intention."

A number of authorities are cited in support of the holding.

[1, 2] We have concluded that it was clearly permissible for the bank, the appellee, to offer in evidence, as it did, the written notation on the back of the check in question, and to supplement that and explain it by the testimony of the cashier, Mr. Mangum, which, together, was sufficient evidence to warrant the finding of the jury and the judgment of the court in this case. It is ordered that the judgment be affirmed.