SAMUEL GRUBER and Another, Plaintiffs, *v.* BANK OF AMERICA, Defendant.

City Court of New York, April 14, 1926.

Banks and banking — deposit — bank becomes debtor of depositor on acceptance of check — plaintiffs deposited checks in defendant bank and on requesting certification were informed drawer's balance would cover checks — bank subsequently revoked credit given to plaintiffs and charged plaintiffs' account with checks — dismissal of complaint, in action to recover amount of checks deposited error.

Where a check presented for deposit is drawn on the depository bank which accepts it either by delivering the currency or giving the depositor credit, title to the check passes to the bank and it becomes at once the debtor of the depositor.

Accordingly, it was error to dismiss plaintiffs' complaint in an action to recover the amount of certain checks drawn to plaintiffs' order on the defendant bank and deposited therein, where it appears that on depositing the checks, for which a due entry of credit was made on plaintiffs' pass book, plaintiffs requested defendant bank to certify the checks; that defendant informed plaintiffs that certification was unnecessary for the reason that the drawer had sufficient funds on deposit to cover said checks; that plaintiffs, relying on said representation,

deposited the checks; and that the bank subsequently revoked the credit given plaintiffs and charged the amount of the checks against plaintiffs' account. The act of the bank, in receiving the checks for deposit and crediting the amount thereof to plaintiffs' account, had the legal effect of irrevocably making the bank the debtor of the plaintiff to the amount of such credit.

The bank having accepted the checks for deposit, its rights, duties and liabilities are governed by its obligations to its customer and the rule of liability so far as strangers are concerned is not applicable.

ACTION to recover amount of certain checks deposited with defendant bank.

*Paul L. Corwin,* for the plaintiff.

*Rumsey & Morgan,* for the defendant.

WENDEL, J.   This action was brought to recover from defendant bank the amount of certain checks deposited with it by plaintiffs. The checks were drawn by one Posternick to the order of the plaintiffs.   They were drawn on defendant bank in which both plaintiffs and Posternick were depositors.   Plaintiffs deposited same with defendant and received credit therefor by due entry of the deposit in their pass book.   The complaint alleges and the evidence established that at the time or immediately prior to the time of the deposit plaintiffs requested defendant to certify the checks, to which request the defendant stated that certification was unnecessary in view of the fact that the drawer had sufficient funds on deposit to cover the checks in question and that plaintiffs, relying upon said representation, thereupon deposited the checks.   The bank subsequently revoked the credit given to plaintiffs and charged the amount of the checks against plaintiffs' account.   The case was tried on the theory that the representation of the defendant to plaintiffs that the checks were good was tantamount to a certification and acceptance thereof.   Under the Negotiable Instruments Law a check is defined as a bill of exchange drawn on a bank payable on demand (§ 321) and operates only as an assignment of the fund to the credit of the drawer with the bank when it is accepted and certified by the bank (§ 325), which acceptance must be in writing and signed by the drawee (§ 220).   No such acceptance having been shown, the court, at the conclusion of the case, dismissed the complaint.   Plaintiffs now move to set aside the dismissal upon the ground that even conceding the oral representation of defendant that the checks were good was insufficient to constitute a certification and acceptance, nevertheless, under the authorities, the act of the bank in receiving the checks for deposit and crediting the amount thereof to plaintiffs' account had the legal effect of irrevocably making the bank the debtor of plaintiffs to the amount of such credit.

Concededly the payee of a check which has not been accepted by the bank upon which it is drawn, cannot maintain an action against the bank, even though the maker has on deposit sufficient funds to pay it. (*Hentz* v. *National City Bank*, 159 App. Div. 743, 745; *Lipten* v. *Columbia Trust Co.*, 194 id. 384, 392.) The right of action is vested in the drawer or creditor, and not in the holder who is merely a stranger. (*O'Connor* v. *Mechanics' Bank*, 124 N. Y. 324.) But where, as here, the bank accepted the checks for deposit, its rights, duties and liabilities are governed by its obligations to its customer, and the rule of liability so far as strangers are concerned is not applicable.

The relation between a bank and its customer is that of debtor and creditor. The deposit made by a customer is in legal effect a loan. The rule is unquestioned that upon a deposit being made by a customer of a bank in the ordinary course of business, of money, or drafts, or checks, received and credited as money, the title to the money, or to the drafts or checks is immediately vested in and becomes the property of the bank. The bank acquires title on its implied promise to pay an equivalent consideration when called upon by its depositor. (*Cragie* v. *Hadley*, 99 N. Y. 131; *Metropolitan Nat. Bank* v. *Loyd*, 90 id. 530.) Where commercial paper is deposited with the bank it may indicate its intention not to assume the relation of debtor and creditor by crediting it as paper, while similarly the depositor, if he desires to retain the ownership, may do so by proper indorsement or otherwise indicating such intention. So likewise by special contract or course of dealing or usage, may the parties show that the relationship of debtor and creditor is not established until collection has been consummated. Where the check presented for deposit is drawn on the depository bank, and such bank receives the same, crediting its customer with the amount thereof, it has been held that by such act title to the check passes to the bank and the bank becomes at once the debtor of the depositor; that when a check is so presented for deposit it is the same as though payment in any other form was demanded; that the bank thereupon has the right to reject it, to refuse to pay it or to receive it conditionally, but when it accepts the same, either by delivering the currency or giving the depositor credit for it, the transaction is closed between the bank and its depositor provided the paper is genuine; that the giving of credit is practically and legally the same as paying the money to the depositor and receiving the cash again on deposit. (*Oddie* v. *National City Bank*, 45 N. Y. 735; *Consolidated Nat. Bank* v. *First Nat. Bank*, 129 App. Div. 538; *Downey* v. *National Exchange Bank*, 52 Ind. App. 672; 96 N. E. 403; *Levy* v. *Bank of United States*, 4 Dall. 234; *First*

*Nat. Bank* v. *Mammoth Blue Gem Coal Co.,* 194 Ky. 580; *Bolton* v. *Richard,* 6 Term, 139.)   It follows that the dismissal must be set aside, but in view of the theory on which the case was tried I deem it advisable that a new trial should be had in order that the question of whether the deposits in question were received conditionally or unconditionally may be properly presented.   Submit order accordingly on notice.