Day, J.
 

 In the amended petition filed by Goulder there was an allegation to the effect that at the time of the receipt of the deposit the bank was insolvent, and that the receipt of deposits under such circum
 
 *108
 
 stances constituted fraud. However, at the trial of the case no evidence whatever was introduced in support of that allegation. Fraud cannot be presumed but must be affirmatively proved. Since there is no testimony whatever bearing upon the element of fraud we shall entirely eliminate that question from consideration.
 

 Whether Goulder is entitled to have his claim given preference over the claims of other depositors of the bank depends entirely upon the relationship which he and the bank sustained to one another. The parties agree that if the deposit of the checks was made for collection only, the relationship of principal and agent arose, entitling Goulder to a preference. If, on the other hand, the deposit was made and accepted for credit, the relationship of debtor and creditor arose, by reason of which Goulder would not be entitled to a preference.
 

 The question, therefore, presented for our consideration is whether the deposit of these checks was made for credit or for collection only. If the deposit was one for credit, then title to the checks passed from the depositor to the bank immediately upon the acceptance of the deposit. If, on the other hand, the deposit was for collection only, then title to the checks did not pass but remained in the depositor.
 

 The general rule is that a deposit will be deemed one for credit rather than for collection, in the absence of a special agreement to the contrary.
 

 “A deposit in a bank is presumed to be general iis the absence of an agreement to the contrary.” 3 Ruling Case Law, 517, Section 146. See also
 
 Alston
 
 v.
 
 State,
 
 92 Ala., 124, 9 So., 732, 13 L. R. A., 659;
 
 Officer Admr.,
 
 v.
 
 Officer,
 
 120 la., 389, 94 N. W., 947, 98 Am. St. Rep., 365;
 
 Hawes
 
 v.
 
 Blackwell,
 
 107 N. C., 196, 12 S. E., 245, 22 Am. St. Rep., 870; Bank
 
 of Marysville
 
 v.
 
 Windisch-Muhlhauser Brewing Co.,
 
 50 Ohio St., 151, 33 N. E., 1054, 40 Am. St. Rep., 660, and note;
 
 Leaphart
 
 
 *109
 
 v.
 
 Commercial Bank,
 
 45 S. C., 563, 23 S. E., 939, 55 Am. St. Rep., 800, 33 L. R. A., 700;
 
 Washington Shoe Mfg. Co.
 
 v.
 
 Duke, State Supervisor of Banking,
 
 126 Wash., 510, 218 P., 232, 37 A. L. R., 611.
 

 “Unless there is some agreement to the contrary, deposits received by the bank become its property; they belong to it, and can be loaned or otherwise disposed of by it, as any other money belonging to the bank.” 3 Ruling Case Law, 521, Section 149. See also
 
 New York County Natl. Bank
 
 v.
 
 Massey,
 
 192 U. S., 138, 24 S. Ct., 199, 48 L. Ed., 380;
 
 State, ex rel. First Natl. Bank,
 
 v.
 
 Bartley, State Treas.,
 
 39 Neb., 353, 58 N. W., 172, 23 L. R. A., 67;
 
 Bank of Marysville
 
 v.
 
 Windisch-Muhlhauser Breioing Co., supra.
 

 Unless otherwise especially agreed, the deposit of a check in a bank does not constitute a deposit for collection but a sale of the paper to the bank and passes title to the bank subject to the right of rescission if the paper subsequently proves to be without value.
 
 Raynor
 
 v.
 
 Scandinavian-American Bank,
 
 122 Wash., 150, 210 P., 499, 25 A. L. R., 716.
 

 The record is silent as to any special agreement to the contrary, and the whole dispute centers around the wording of the deposit slip used in this case, which reads as follows:
 

 “The Standard Trust Bank
 

 “Cleveland, O., 12-19-1931
 

 “For Credit oe “Martin N. Goulder
 

 “In receiving items for deposit or collection, this bank acts only as depositors’ collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. This Bank will not be liable for default or negligence of its duly selected correspondents nor for losses in transit, and each correspondent so selected shall not be liable except for its
 
 *110
 
 own negligence. This Bank or its correspondents may send items, directly or indirectly, to any Bank including the payor, and accept its draft or credit as conditional payment in lieu of cash; it may charge back any item at any time before final payment, whether returned or not, also any item drawn on this Bank not good at close of business on day deposited.
 

 “Please list each check separately
 

 “Dollars Cents
 

 “Bills
 

 “Gold
 

 1 ‘
 
 Silver
 

 “Checks Enter Separately 1200.00
 

 “ 12.00
 

 “ 52.50
 

 “ 21.50
 

 “ 8.00
 

 “ .80
 

 “ ' .80
 

 “Total 1295.60
 

 “See that all checks and drafts are endorsed”
 

 Counsel for Goulder contend that the wording of the deposit slip means that the bank received the items for deposit only as the collecting agent of the depositor; that the deposit slip constitutes a binding agreement between Goulder and the bank; that since the deposit slip provides that the bank is only the depositor’s collecting agent the deposit of the checks did not pass title to the bank.
 

 Let us therefore now direct our attention to the determination of the meaning of the wording on that slip. However, in doing so, we shall also direct our attention to the printed matter appearing in the commercial pass book in which the credit was entered, the same likewise being in the record, which reads as follows:
 

 
 *111
 
 “Always bring your book with your deposits.
 

 “See that your entries agree with your ticket.
 

 “All items payable outside of this city are taken with the understanding that
 
 this hank acts as your collecting agent
 
 and beyond using diligence does not assume responsibility for same until returns are actually received by them. (Italics ours.)
 

 “The Standard Trust Bank “Cleveland, Ohio”
 

 It may be noted that the wording in the pass book designates the bank as collecting agent for ‘ ‘ all items payable
 
 outside of this city,”
 
 from which we are justified in concluding that items payable
 
 within
 
 the city are not taken “with the understanding that this bank acts as your collecting agent, ’ ’ but that such items are received for credit. (Italics ours.) If such be the ease, then title passed immediately upon the acceptance of the deposit and entry of credit.
 

 Now let us direct our attention to the deposit slip. At the head of the deposit slip, beneath the date line and over and above the name of the depositor, we find the words “For Credit Oe.” Can these words be construed to mean “for collection”? In the body of the printed matter we find the words: “In receiving items for deposit or collection, this Bank acts only as depositor’s collecting agent * * *. All items are
 
 credited
 
 subject to final payment * * * it may charge back any item at any time before final payment. ’ ’ (Italics outs.)
 

 In order to properly interpret the meaning of the terms “credit,” “collection” and “depositor’s collecting agent,” we must read the deposit slip and the printed matter appearing in the pass book together, since they are apparently intended to supplement rather than to contradict one another.
 

 While the pass book is specific in its designation of the bank as collecting agent for checks payable out
 
 *112
 
 side the city, the deposit slip, in speaking of receiving items for collection and in using the phrasing “this Bank acts only as depositors’ collecting agent,” does not define the territorial limit within which it is to act as agent, but is wholly silent in that respect. Where two instruments are to be read together, one of which is definite and the other vague, that instrument which is definite will control.
 

 “When two written contracts are entered into between the same parties concerning the same subject-matter, whether made simultaneously or on different days, they may, under some circumstances, be regarded as one contract, and interpreted together.” 6 Ruling Case Law, 851, Section 240.
 

 It is quite apparent, therefore, from reading the two together, that the bank, in receiving the deposit of the checks in this case, the biggest of which, to wit, $1200, was on a local bank, did not undertake to act as depositor’s collecting agent, but received the deposit for credit.
 

 The deposit slip, in referring to the receipt of items for deposit or collection, further stipulates: “This bank will not be liable for default or negligence of its duly selected
 
 correspondents * * *
 
 and each
 
 correspondent
 
 so selected shall not be liable except for its own negligence. This Bank or its
 
 correspondents
 
 may send items * * (Italics ours.)
 

 The term “correspondents” found in the deposit slip is directly responsive to the, phrasing appearing in the printed matter in the pass book, “All items payable
 
 outside of this
 
 city” meaning that checks deposited with it are received for collection only when such checks are drawn upon banks “outside of this city” and requiring “correspondents” for the purpose of effecting collection in another city. (Italics ours.) The term “correspondent” is defined by Webster’s New International Dictionary as “One who has regular commercial relations with another, especially
 
 *113
 
 with a firm at a
 
 distance;
 
 as, the London
 
 correspondent
 
 of a New York hank.”
 

 The apparent purpose of the wording both in the deposit slip and the pass book is to protect the bank against two contingencies, first, to render itself immune from liability for the “default or negligence of its duly selected correspondents” and, second, to expressly reserve the right to charge back dishonored checks against the account of the depositor. In other words, the purpose and intent of the stipulations contained in the deposit slip and pass.book is not to establish the principal and agent relationship between the depositor and the bank, but rather to hold itself immune from responsibility for the neglect and default of its selected correspondents, and to have the right to charge back against the account of depositors checks which have been dishonored.
 

 The stipulations in the deposit slip and pass book merely furnish a special agreement, by the terms of which the bank was absolved from such liability, and have no application to deposits of paper drawn on local banks.
 

 This provision for immunity and right to charge back has no potency to give the deposit of checks the status of a deposit for collection. In order to constitute a deposit of checks one for collection only, a special agreement to that effect is required under the law, and the record is silent as to such an agreement.
 

 It will also be observed that the checks deposited bore a general endorsement, evidencing no intention on the part of Goulder to deposit them for any other purpose than for credit. .
 

 Where a check is endorsed by the payee without restriction, and credited to his account, the bank does not hold it as an agent for collection but as owner.
 
 Heinrich, Exrx.,
 
 v.
 
 First Natl. Bank,
 
 219 N. Y., 1, 113 N. E., 531, L. R. A., 1917A, 655.
 

 “While there is not entire uniformity of opinion,
 
 *114
 
 the weight of authority supports the view that upon the deposit of paper unrestrictedly indorsed, and credit of the amount to the depositor’s account, the bank becomes the owner of the paper, notwithstanding a custom or agreement to charge the paper back to the depositor in the event of dishonor.”
 
 City of Douglas
 
 v.
 
 Federal Reserve Bank,
 
 271 U. S., 489, at page 493, 46 S. Ct., 554, 70 L. Ed., 1051.
 

 “Where, therefore, the holder of a check, or other genuine instrument, representing a fixed sum, delivers it to a bank and receives an unqualified credit as for a definite sum of money, the transaction is equivalent to an actual deposit of so much cash as of the date of the credit.”
 
 Wasson, Treas.,
 
 v.
 
 Lamb, Assignee,
 
 120 Ind., 514, at page 517, 22 N. E., 729, 16 Am. St. Rep., 342, 6 L. R. A., 191.
 

 “The general doctrine that upon a deposit being made by a customer, in a bank, in the ordinary course of business, of money, or of drafts or checks received and credited as money, the title to the money, or to the drafts or cheeks, is immediately vested in and becomes the property of the bank, is not open to question. * * * The transaction in legal effect is a transfer of the money, or drafts or checks, as the case may be, by the customer to the bank, upon, an implied contract on the part of the latter to repay the amount of the deposit upon the checks of the depositor. The bank acquires title to the money, drafts, or checks, on an implied agreement to pay an equivalent consideration when called upon by the depositor in the usual course of business.”
 
 Cragie
 
 v.
 
 Hadley, Receiver,
 
 99 N. Y., 131, 1 N. E., 537.
 

 No inference favorable to the principal. and agent theory can be drawn from the wording of the deposit slip, the printed matter in the pass book, the character of endorsement on the checks and the entries of credit in the pass book and in the bank ledger. Consequently, we conclude that the deposit was one for credit, and
 
 *115
 
 not for collection, that title passed immediately upon the making and acceptance of the deposit, and that the Superintendent of Banks, in collecting these checks, did so, not as agent for Goulder, hut as owner. Goulder is therefore not entitled to a preference.
 

 Judgment■ reversed.
 

 Weygandt, 0. J., Stephenson, Jones and Matthias, JJ., concur.
 

 Zimmerman, J., dissents.