WILLIAMS *v.* COX.

(*Knoxville.* October 31, 1896.)

BANKS AND BANKING. *Reclaiming check of receiver of insolvent bank.*

The deposit with a bank of a check with an unrestricted indorsement, which the depositor directs to have placed to his credit, will be treated as a cash deposit which the depositor is not entitled to reclaim otherwise than as a general liability on the bank becoming insolvent, where the bank treated it as credited, and immediately advised the depositor of such fact, and the latter's check, drawn on same day for part of the amount, was paid by the bank.

Cases cited and approved: Aiken *v.* Jones, 93 Tenn., 353; Sayles *v.* Cox, 95 Tenn., 579.

Cited and distinguished: 133 U. S., 566.

---

FROM WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

ISAAC HARR and BURROW BROS. for Williams.

FAW & COX for Cox.

WILKES, J. This is a bill to recover $133.83, the amount of a check upon the assistant treasurer of the United States from the defendant, Cox, as receiver of the First National Bank of Johnson City.

The Chancellor granted the relief prayed, and defendant, Cox, appealed. The cause was heard by the Court of Chancery Appeals, and the decree of the Chancellor was reversed and bill dismissed, and complainant has appealed to this Court, and assigned errors.

The facts, as found by the Court of Chancery Appeals, are that complainant is a resident of Johnson City and a regular customer of the First National Bank of that city. While temporarily from home, in the State of South Carolina, he sent the bank a check for $167.50, asking that it be placed to his credit. The bank acknowledged receipt of the check November 12, 1894, as a credit, and placed the proceeds to complainant's account as a credit upon the books of the bank, and complainant was notified of the credit by mail the same day. In giving complainant notice, the bank used one of its printed forms, to the following effect: "We credit your account ($167.50). We enter for collection —."

Complainant, on the same day that he forwarded the check for credit, forwarded also several checks against his account, but had, before receipt of the $167.50, only thirty-three cents to his credit. One of the checks thus forwarded, for $34, was presented and paid on the same day. Upon the same day that the check was received and credited by the bank, but after these matters occurred the bank failed. In other words, the check was received and credited, entered upon its books, and advice given before the bank

failed and ceased to do business.    Previous to its fail-
ure, but on the same day, it forwarded the check to
its regular correspondent, the Southern National Bank
of New York, and the check was collected by that
bank November 14, 1894.    The bank at Johnson
City closed about noon on November 12, 1894, and
at the close complainant had to his credit in the
bank $133.83 subject to check.    Defendant was ap-
pointed and is acting as receiver of the bank.
When the Johnson City bank failed, the Southern
Bank of New York was indebted to it $5,644.67,
including the remittances of that date.    All this
amount was afterward paid the receiver of the John-
son City bank, except $771.62, which the New York
bank retained until certain rediscounts held by it,
upon which the Johnson City bank was indorser,
were paid.    The check in controversy made up a
part of the last remittance by the Johnson City
bank to the Southern bank, the whole being net
$496.87.    The Court of Chancery Appeals finds as
a fact, that when the check was received by the
Johnson City bank it was wholly insolvent, but they
report that the proof does not show that the presi-
dent and officers of the bank knew of the insol-
vency.

The Court of Chancery Appeals held that the de-
termining question in the case is a question
of fact, to be determined by the evidence as to
whether it was intended that the title to the check
should vest in the bank or not.    They find from

the evidence in the case that the check was sent
with an unrestricted indorsement; that the complain-
ant directed it to be placed to his credit; that the
bank treated it as credited, and so advised the com-
plainant; that it was immediately checked against by
the complainant, and from these evidences of inten-
tion they infer that the check was deposited as cash.
The Court further finds that there is no proof to
contradict the *prima facie* import of these facts, or
tending to show that the check was deposited merely
for collection, and, in the absence of any such proof,
it must be held that the deposit was as cash, and
for immediate credit.

In this connection, the case of *St. Louis & San
Francisco Ry. Co.* v. *Johnson*, 133 U. S., 566, is cited,
in which it was held that the question whether the
bank had become the owner of the draft or was only
acting as agent of its customer, is one of fact rather
than of law. In that case it appeared that a customer
deposited a sight draft on a railroad company in Bos-
ton. It was entered on the deposit slip as a "check,"
in contradistinction to "bills." It had made similar
deposits before, never drawing on them at the time,
the bank reserving the right to charge exchange and
interest for the time required for collection. No
entry of credit was made in the customer's pass
book, though it was present in bank, and no credit
was entered on the bank's books till several days
afterwards, and then not by order of the depos-
itor, but simply under instruction from the cashier

to the receiving teller.    The bank sent the draft to Boston for collection, and it was collected there. The bank in New York failed in the meantime, and was insolvent when the check was delivered to it. It was insisted that the bank, under the facts, became the owner of the paper, but the Court held that the evidence was not sufficient to establish the fact that the owner so understood it.    It is evident that the case at bar is in many respects different from the case there cited.

It is insisted that, the bank being insolvent and known to be so by its officers, it was a fraud to receive the check, and complainant would therefore have the right to follow up and retake the fund. But the effect of the knowledge of insolvency on the part of the officers of the bank, cannot, in this case, be considered, inasmuch as the Court of Chancery Appeals finds that there is no proof that the officers knew of the bank's insolvency.    The check having been treated and received and credited as cash, the relation of creditor and debtor between the customer and bank arose out of the deposit, and the customer is not, therefore, entitled to recover the proceeds of the check as his own money.    *Aiken* v. *Jones*, 9 Pick., 353; *Sayles* v. *Cox, Receiver*, 11 Pick., 579; Morse on Banking, Sec. 568 and Subsections.

There is no error in the decree of the Court of Chancery Appeals, and it is affirmed.