## OGDIN v. GOODWIN.
### No. 6621.

Circuit Court of Appeals, Sixth Circuit.
March 14, 1935.

F. H. Parvin, of Greenville, Tenn. (Susong, Susong & Parvin, of Greenville, Tenn., on the brief), for appellant.

Lem L. Reece, of Elizabethton, Tenn., for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Appellant, as receiver of the First National Bank of Elizabethton, Tenn., herein called the bank, sued appellee in equity [1] to recover upon a check in the amount of $1,278.52.

The bill alleged: That on October 11, 1931, appellee had given the check, drawn upon the Merchants' & Traders' Bank at Mountain City, Tenn., to Wesley Street, who on October 14 indorsed it without restriction and deposited it in the bank, then a going concern and doing a general banking

---

[1] The question whether appellant had an adequate remedy at law suggests itself, but, having failed to move to transfer the bill to the law side or otherwise object to equity jurisdiction, the appellee has waived the point. Alliance Ins. Co. v. Alper-Salvage Co., 19 F.(2d) 828, 830, footnote 2 (C. C. A. 6).

business and where he had a checking account; that he was given credit for it, and a deposit slip was issued to him which embodied the only contract with the bank with reference thereto; that the deposit immediately became subject to his check, and that, so far as the records of the bank show, it would have been paid out at any time in the event a check were presented against it for payment before the bank closed its doors; that the check was sent through the regular channels for collection and was presented for payment at the Merchants' & Traders' Bank on October 19, but, the bank having closed its doors on October 17, the Merchants' & Traders' Bank by direction of appellee stopped payment of the check and returned it to appellant, who on that date had been appointed receiver; that appellee wrongfully stopped payment at the request of Street to whom he afterwards paid the full amount of the check.

The deposit slip was filed as Exhibit B to the bill and bears the notation "all items credited subject to payment."

The gravamen of the bill is that when the check was deposited the bank became its owner, and appellant is entitled to recover its amount to be distributed as provided in 12 U. S. C. § 194 (12 USCA § 194).

Appellee filed an answer and, in paragraph II thereof, averred that the bill "fails to allege any matter of either law or equity entitling the plaintiff to the relief prayed for, * * * and, taking all the averments of the bill as true, he has violated no duty he owed to the plaintiff. * * *" Upon this averment the court on motion of appellee dismissed the bill. No other part of the answer is material here. Conway et al. v. White, 292 F. 837, 840 (C. C. A. 2).

■ The basis for the decree is not disclosed, but we assume that the court concluded from the averments of the bill, taken as true, that the bank never became the owner of the check.

We do not concur. We are not unaware that there is a diversity of opinion among the state courts as to whether upon such a deposit the relationship of debtor and creditor arises between a bank and its customer. The case must be differentiated from Dakin, Receiver, v. Bayly, Liquidator, 290 U. S. 143, 54 S. Ct. 113, 78 L. Ed. 229, 90 A. L. R. 999, where a state statute controls, and from St. Louis & San Francisco R. Co. v. Johnston, 133 U. S. 566, 10 S. Ct. 390, 33 L. Ed. 683, where the bank was known to be hopelessly insolvent at the time the deposit

was received. The question presented is one of general commercial law (Brooklyn City & N. R. Co. v. National Bank, 102 U. S. 14, 31, 26 L. Ed. 61; Security Nat. Bank v. Old Nat. Bank, 241 F. 1, 8 (C. C. A. 8); In re Jarmulowsky et al., 249 F. 319, 321, L. R. A. 1918E, 634 (C. C. A. 2); Dickson v. First Nat. Bank, etc., 26 F.(2d) 411 (C. C. A. 8), and it is our duty to exercise an independent judgment based upon the controlling decisions of the federal courts.

In City of Douglas v. Federal Reserve Bank of Dallas, 271 U. S. 489, 492, 46 S. Ct. 554, 556, 70 L. Ed. 1051, the court said: "For when paper is indorsed without restriction by a depositor, and is at once passed to his credit by the bank to which he delivers it, he becomes the creditor of the bank; the bank becomes owner of the paper, and in making the collection is not the agent for the depositor. Burton v. United States, 196 U. S. 283, 25 S. Ct. 243, 49 L. Ed. 482; Union Electric Steel Co. v. Imperial Bank (C. C. A.) 286 F. 857; General Amer. Tank Car Corp. v. Goree (C. C. A.) 296 F. 32, 36; In re Ruskay (C. C. A.) 5 F.(2d) 143; Scott, Cases on Trusts, p. 64, note, par. 8, pp. 66, 67."

In addition to the cases cited in the above quotation, see, also, Equitable Trust Co. v. Rochling, 275 U. S. 248, 252, 48 S. Ct. 58, 72 L. Ed. 264; Security Nat. Bank v. Old Nat. Bank, supra; State Y. M. C. A. v. Picher (D. C. Me.) 8 F. Supp. 412; Williams v. Cox, 97 Tenn. 555, 559, 37 S. W. 282.

■ The printed notation on the deposit slip, to wit, "all items credited subject to payment," did not invalidate the bank's title. This notation was indicative only that the bank would charge the check back to the depositor, if it were not collected, and not that credit was not given at the time of the deposit. City of Douglas v. Federal Reserve Bank, supra; Burton v. United States, 196 U. S. 283, 297, 25 S. Ct. 243, 49 L. Ed. 482; Johnson v. First Nat. B. & T. Co. (D. C.) 8 F. Supp. 788, 790.

■ Appellant urges that an averment in the bill that the bank held the check "for the benefit of the said Wesley Street" was an admission that it was acting as the agent of Street, but this contention at once appears untenable when the quoted phrase is read in connection with the full paragraph in which it occurs. We conclude that an "insufficiency of fact to constitute a valid cause of action in equity" (Equity Rule 29 [28 USCA § 723]) does not clearly appear upon the face

of the bill, and that the case should have proceeded to a hearing.

The decree is reversed and the cause remanded, with directions to transfer it to the law side of the docket for such further proceedings as are consistent with the rules of practice in law cases.